### PLAINS TELEVISION CORPORATION, Petitioner,

v.

### FEDERAL COMMUNICATIONS COMMISSION

and

### United States of America, Respondents, Soillcom, Inc., Intervenor.

### No. 24246.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 26, 1971.

Decided Feb. 22, 1971.

---

Mr. Carl R. Ramey, Washington, D. C., with whom Mr. James A. McKenna, Jr., Washington, D. C., was on the brief, for petitioner.

Mr. Stuart F. Feldstein, Counsel, Federal Communications Commission, with whom Mr. John H. Conlin, Associate General Counsel, Federal Communications Commission, was on the brief, for respondents. Mr. Howard E. Shapiro, Atty., Department of Justice, also entered an appearance for respondents. Mr. Henry Geller, General Counsel, Federal Communications Commission at the time the record was filed, also entered an appearance for respondents.

Messrs. Peter Shuebruk, Herbert M. Schulkind and Howard Jay Braun, Washington, D. C., were on the brief for intervenor.

Before McGOWAN and LEVENTHAL, Circuit Judges, and VAN PELT *, United States Senior District Judge for the District of Nebraska.

PER CURIAM:

Petitioner, a licensee of UHF television stations in Springfield and Champaign, Illinois, challenges an order issued in rule making by the Federal Communications Commission which assigned a VHF television channel to Mt. Vernon, Illinois. There is, of course, no question of signal impairment but only of potentially adverse economic impact. No procedural shortcomings in the Commission's proceedings are asserted, and the central claim is that the Commission's action is inconsistent with its announced policy not to discourage UHF development by the intrusion of VHF. In this regard petitioner points triumphantly to prior refusals by the Commission some ten years earlier to assign a VHF channel to Mt. Vernon.

The Supreme Court has recently reminded that agency action may not "properly be set aside merely because the Commission has on an earlier occasion reached another result; administrative authorities must be permitted, consistently with the obligations of due process, to adapt their rules and policies to the demands of changing circumstances." Permian Basin Area Rate Cases, 390 U.S. 747, 784, 88 S.Ct. 1344, 1369, 20 L.Ed.2d 312 (1968). In the case before us involving rule making, the Commission has not contented itself with simply the "concise general statement" of the rule's basis required by the Administrative Procedure Act. 5 U.S.C. § 553(c). It has, rather, set forth at length, the changed considerations which it found to justify the making of a rule at this time in contrast with its earlier failures to act.

These considerations included an enumeration of developments in the television field in the intervening years which have caused the Commission to feel that

* Sitting by designation pursuant to Title 28, U.S.Code Section 294(d).

the policy of UHF protection against VHF, although still valid, has lost some measure of its urgency and is not to be looked upon as an inflexible across-the-board barrier to VHF assignment. It accepted the likelihood of some adverse economic impact upon existing UHF stations in central Illinois, but it thought this not unacceptable in degree and far outweighed by the needs of the Mt. Vernon area (*e. g.*, programming more sensitive to local interests, the first Grade B or better service to nearly 50,000 people, and the first availability of a Grade A or better signal to a much larger number of people). These are judgments for the Commission to make, and they have been fully explicated in terms of relevant facts and rational exercises of judgment. Whether the Commission has struck the best possible balance in fitting this small piece into the mosaic of sound policy for the allocation of our national resources in the form of television channels is not for us to determine. *See* Frontier Airlines v. CAB, —— U.S. App.D.C. ——, 439 F.2d 634 (decided January 27, 1971).

Affirmed.